# Kimmey v. Calloway.

### Action to recover Price of Cattle sold.

*Introduction of evidence; control of court over.* — The issue being a sale of cattle to defendant and he before closing having testified, as a witness in his own behalf, that the sale was not to him but to a third person, the court cannot require the plaintiff, having the right to rejoin, before introducing declarations of defendant, on a named occasion, to the effect that he had the cattle, to first call the defendant back and ask him if he had made such declarations — they are admissible in rebuttal.

APPEAL from Circuit Court of Pike.

Tried before Hon. J. McCALEB WILEY.

Kimmey sued Calloway to recover the price of six beef cattle which he alleged he had sold to him.

The plaintiff opened his case and laid his evidence before the jury. The defendant introduced his testimony and closed, but before closing testified, as a witness in his own behalf, that he had made no contract with the plaintiff for the sale of the beeves, and stated facts tending to show that one Nelms was the party that had been really contracted with by the plaintiff. There was also a dispute between the parties as to whether the cattle had ever been delivered to the defendant. Having the right to rejoin, the plaintiff offered to prove by one Josiah Black, that a few days after the alleged sale by plaintiff to defendant, the latter said in a conversation with the witness, "that he had the six head of cattle, and that the market in Troy had got so dull that he was going to drive them to some point on the railroad to sell." The court refused to permit the plaintiff to introduce these declarations of the defendant, " unless the plaintiff would put defendant back on the stand and ask him if he had ever had such a conversation with the witness." The plaintiff duly excepted to this ruling and now assigns it as error.

W. D. ROBERTS, for appellant. — The evidence offered was not for the purpose of *impeaching* defendant; it was but proof of a deliberate admission by him of a material fact in issue. *Wittick's Adm'r* v. *Keiffer*, 31 Ala. 199; *Polly* v. *McCall*, 37 Ala. 20.

JOHN P. HUBBARD, *contra.* — The manner of introducing evidence and the order of its introduction lies in the discretion of the lower court. There is nothing to show any abuse of this discretion. The plaintiff by complying with the reasonable regulation of the court could have had the benefit of

[Foster v. Westmoreland.]

Black's testimony. *Hutchins* v. *Childress*, 4 Stew. & Porter; 14 Ala. 552; *Borland* v. *Mayo*, 8 Ala. 104.

JUDGE, J. — Our understanding of the evidence, as it is set out in the bill of exceptions, is that the declarations of the defendant were permissible as rebutting testimony. The court therefore had not the discretion to impose as a condition to their introduction, that the plaintiff should first examine the defendant as to whether he had ever had such a conversation.

Let the judgment be reversed and the cause remanded.